**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JOHNNY HANKINS**                                                                                         **PLAINTIFF**

v.                                       **NO.  4:06-CV-00391 GTE**

**LARRY BOARDMAN, individually,
and in his capacity as President of
BOARDMAN, INC.; and BOARDMAN, INC.**                        **DEFENDANTS**

**ORDER**

Plaintiff's Response to Court Order (Docket # 44), filed earlier today, suggests that the Court has mistreated Plaintiff's counsel in various ways, by interfering with his medical treatment, by exhibiting an inhumane indifference to his medical condition, and by interfering improperly in the settlement process.  Because Plaintiff's response does not accurately depict the facts, Court is compelled to respond.  Additionally, for the reasons stated below, the Court has come to the conclusion that it should recuse in all cases in which Luther Oneal Sutter, Esq. appears as counsel of record.

The Court first learned of Mr. Sutter's "emergency cancer surgery" today when it read his latest response.  Mr. Sutter alleges in that response that on July 27, 2007, he was forced to terminate a consultation with his physicians and to hurry back to his office for a telephone conference with the Court.  In fact, the only telephone conference conducted with Mr. Sutter in this case occurred on Tuesday, July 24, 2007.   The Court was not advised by Mr. Sutter or his office that his participation in the telephone conference interfered in any fashion with his medical care and treatment.  Nor would this Court have required Mr. Sutter's presence at a telephone

conference if it had been made aware of Mr. Sutter's medical problems.

The Court scheduled the telephone conference in order to resolve outstanding issues about the status of the case, which was scheduled for a jury trial beginning July 31, 2007. At the time of the telephone conference, the Court had not yet received certain required pre-trial submissions from Plaintiff. Additionally, the Court had been made aware that there was an outstanding offer to settle the case for approximately $4500, to which Plaintiff had not responded.[1] The Court was further aware, based on a proposed stipulation, that if Plaintiff prevailed at trial, his recovery for unpaid overtime wages would be $1,431.00. The Court was therefore curious to determine whether the case was likely to settle before incurring additional costs and expending additional time and energy preparing for the trial. The Court was unaware that Defendant's offer had been made in the form of an Offer of Judgment, pursuant to Fed. R. Civ. P. 68, until Plaintiff revealed it to the Court on the following day, July 25, 2007, by attaching the Offer of Judgment as an exhibit to his "Acceptance of Offer of Judgment."

Mr. Sutter continues to make unwarranted and disparaging allegations, suggesting that the undersigned is treating him unfairly or with disrespect.[2] In light of Mr. Sutter's behavior, the Court has decided that it will no longer preside over cases involving Mr. Sutter or his firm.

It now appears that the present dispute over the form of the Judgment to be entered on Plaintiff's Fair Labor Standards Act ("FLSA") claim is driven by the issue of whether Plaintiff's

---

[1] The Court learned this from its law clerk, who asked Mr. Mallard, at the Court's direction, about the status of the case and the possibility of settlement. Such inquiries are frequently made prior to trial as part of the Court's effort to manage its docket.

[2] *See Winters v. Arkansas Department of Health and Human Services, et al.*, Case No. 4:04-cv-00206, Court's Order filed June 30, 2006, Docket No. 120 ("Respectfully, the Court suggests that [plaintiff's motion] is a mean-spirited, inaccurate, all too personal, and unfair characterization of the Court's opinion.").

acceptance of the Offer of Judgment will foreclose the Defendants from seeking to recover attorney's fees on Plaintiff's separate claims under ERISA, which were resolved on summary judgment in favor of the Defendants.[3]  This issue, as well as the form and content of the Judgment on Plaintiff's FLSA claim and any other issues remaining in this case, must now be resolved by the Judge to whom the case is randomly reassigned.

    IT IS SO ORDERED this  31st   day of July, 2007.

                                         /s/Garnett Thomas Eisele
                                        UNITED STATES DISTRICT JUDGE

---

[3]  (Court's Order dated June 25, 2007, Docket No. 37).